## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:14-CV-085-RLV-DCK

| | | |
|---|---|---|
| **JAMES LEE PARLIER, JR., d/b/a Jimmy Parlier Horse Transport, d/b/a Parlier Farms, d/b/a Parlier Equine Transport & Carriages,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| **TIFFANY LEWIS, BRENDA CASTEEN KANSAS CITY PREMIER PARTMENTS, INC., MARILYN MEEKER BERNSTEIN JASON STAHL, MARIA BOGDANOVA PEIFER, DOES 1 – 10,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

       **THIS MATTER IS BEFORE THE COURT** on Defendant Brenda Casteen's "Motion To Amend Counterclaim" (Document No. 40). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

## BACKGROUND

       Plaintiff James Lee Parlier, Jr. ("Plaintiff" or "Parlier") filed a "Verified Complaint" (Document No. 2) initiating this action on May 29, 2014. "Defendant Brenda Casteen's Answer And Counterclaim" (Document No. 19) were filed on August 11, 2014. Defendant Casteen later filed an "…Answer And Amended Counterclaim" (Document No. 35) on September 19, 2014.

On October 2, 2014, Plaintiff filed a "Motion To Strike Amended Counterclaim Of Defendant/Counterclaim-Plaintiff Brenda Casteen" (Document No. 36) asserting that the deadline for the "…Amended Counterclaim" (Document No. 35) had expired, and that Defendant Casteen had not sought leave of the Court or written consent of Plaintiff to file the "…Amended Counterclaim."  Also on October 2, 2014, Plaintiff filed his "Answer And Affirmative Defenses To Casteen's Counterclaim" (Document No. 37).  Plaintiff's "Answer And Affirmative Defenses To Casteen's Counterclaim" is in response to "Defendant Brenda Casteen's Answer And Counterclaim" (Document No. 19) filed on August 11, 2014

Based on the foregoing, Defendant Casteen then filed a "Motion To Amend Counterclaim" (Document No. 40) on October 7, 2014.  Defendant Casteen's "Motion To Amend Counterclaim" (Document No. 40) asserts in pertinent part that she is seeking to amend as a matter of course within twenty-one (21) days of Plaintiff's "Answer And Affirmative Defenses To Casteen's Counterclaim" (Document No. 37) filed on October 2, 2014.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  Rule 15 further provides:

> **(2) Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

It appears that there has been no initial attorney's conference and that no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that Defendant Casteen's motion to amend should be granted.

Therefore, because the undersigned will allow Defendant Casteen to file an Answer And Amended Counterclaim which supersedes the previous Answer And Counterclaim, the undersigned will deny Plaintiff's "Motion To Strike Amended Counterclaim Of Defendant/Counterclaim-Plaintiff Brenda Casteen" (Document No. 36) as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192

F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

In addition, the undersigned observes that "Plaintiff's Motion For Entry of Default as to Defendant Maria Bogdanova Peifer" (Document No. 29) filed on September 15, 2014, is also pending before the Court. However, on September 18, 2014, the undersigned granted Defendant Peifer's "Motion For Extension Of Time To Answer Or Otherwise Plead" (Document No. 33). (Document No. 34). Moreover, Defendant Maria Bogdanova Peifer's Answer To Plaintiff's Complaint" (Document No. 38) was timely filed on October 3, 2014. As such, the undersigned will direct that "Plaintiff's Motion For Entry of Default as to Defendant Maria Bogdanova Peifer" (Document No. 29) be denied as moot.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Brenda Casteen's "Motion To Amend Counterclaim" (Document No. 40) is **GRANTED**. Defendant Casteen shall file an Amended Answer and Counterclaim(s) on or before **October 10, 2014**.[1]

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Strike Amended Counterclaim Of Defendant/Counterclaim-Plaintiff Brenda Casteen" (Document No. 36) is **DENIED AS MOOT**.

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**IT IS FURTHER ORDERED** that "Plaintiff's Motion For Entry of Default as to Defendant Maria Bogdanova Peifer" (Document No. 29) is **DENIED AS MOOT**.

**SO ORDERED.**

Signed: October 8, 2014

David C. Keesler
United States Magistrate Judge