UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:14CV85-RLV

| | |
|---|---|
| JAMES LEE PARLIER JR., an individual (d/b/a Jimmy Parlier Horse Transport, Parlier Farms and Parlier Equine Transport & Carriages); <br><br> *Plaintiff*, <br> v. <br><br> TIFFANY LEWIS, an individual, <br><br> KANSAS CITY PREMIER APARTMENTS, INC., a Missouri corporation, <br><br> JASON STAHL, an individual, <br><br> MARIA BOGDANOVA PEIFER, an individual, <br><br> BRENDA CASTEEN, an individual, <br><br> MARILYN MEEKER BERNSTEIN, an individual, <br><br> JOHN AND JANE DOES 1-10, presently unknown individuals; <br><br> *Defendants*. | **ORDER AND NOTICE OF HEARING** |

**THIS MATTER** is before the Court on Defendant Brenda Casteen's ("Defendant Casteen") Motion for Claim and Delivery Pursuant to N.C. Gen. Stat. § 1-471, *et. seq.* and Federal Rule of Civil Procedure 64, filed April 24, 2015. (Doc. 56).

Defendant Casteen moves the Court pursuant to Fed. R. Civ. P. 64 and N.C. Gen. Stat. § 1-472 for the immediate return of a certain Peruvian Paso Mare horse named Allie ("Allie") which is being held by Plaintiff James Lee Parlier, Jr. ("Plaintiff").

Pursuant to Fed. R. Civ. P. 64, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Section 1-472 of the North Carolina General Statues provides that "[t[he plaintiff in an action to recover the possession of personal property may claim, the immediate delivery of the property . . . at any time before the judgment in the principal action." N.C. Gen. Stat. § 1-472.

In support of her motion for Claim and Delivery, and as required by N.C. Gen. Stat. § 1-473, Defendant Casteen has presented her own affidavit and supporting exhibits to show that (1) Defendant Casteen is the owner of Allie as claimed in her Amended Counterclaim, or is lawfully entitled to possession by virtue of special property therein; (2) that Allie is being wrongfully detained by Plaintiff; (3) that Plaintiff is wrongfully detaining Allie in retaliation over Defendant Casteen ending their relationship; (4) that Allie has not been taken for tax, assessment or fine, pursuant to a statute, or seized under an execution of attachment against Defendant Casteen's property; and (5) that the actual value of Allie is $1,750.00. (Docs. 56-57).

Upon careful consideration of Defendant Casteen's Motion and the Affidavit filed in support thereof, and consistent with the procedure set forth in Section 1-474.1 of the North Carolina General Statutes, the Court hereby enters the following Order.

**ORDER**

**IT IS, THEREFORE ORDERED** that the Clerk of Court shall deliver by certified mail, return receipt requested, a copy of this Order and Notice to Plaintiff James Lee Parlier, Jr., at the address he has designated for service of process in this matter, P.O. Box 1331, Denver, North Carolina 28037, requiring Plaintiff to appear at a hearing before the undersigned on **Tuesday,**

**June 2, 2015 at 3:00 p.m.** at the United States District Courthouse for the Western District of North Carolina, Statesville Division, 200 West Broad Street, Statesville, North Carolina, 28677.

**IT IS FURTHER ORDERED** that the Plaintiff shall not willfully dispose of, remove or permit the removal from the State of North Carolina, or cause or permit willful damage or destruction of, the property described below:

A. Allie- A Peruvian Paso Mare horse, approximately 12 to 14 years old, approximately 15.1 hands high, solid dark bay in color with a long mane and tail.

**IT IS SO ORDERED.**

Signed: May 8, 2015

Richard L. Voorhees
United States District Judge