# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-085-RLV-DCK

| | |
|---|---|
| JAMES LEE PARLIER, JR., d/b/a Jimmy Parlier Horse Transport, d/b/a Parlier Farms, d/b/a Parlier Equine Transport & Carriages, <br><br> Plaintiff, <br><br> v. <br><br> BRENDA CASTEEN <br><br> Defendant. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant Brenda Casteen's "Motion To Compel" (Document No. 63). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff James Lee Parlier, Jr. ("Plaintiff" or "Parlier") filed a "Verified Complaint" (Document No. 2) initiating this action on May 29, 2014. The Complaint asserts causes of action for: (1) tortious interference with contract; (2) North Carolina defamation per se; (3) North Carolina defamation per quod; and (4) violation of North Carolina unfair and deceptive trade practices act. (Document No. 2, pp. 24-30).

"Defendant Brenda Casteen's Answer And Counterclaim" (Document No. 19) was filed on August 11, 2014. Defendant Casteen later filed an "…Answer And Amended Counterclaim" (Document No. 35) on September 19, 2014. Defendant asserts counterclaims for: (1) claim and

delivery;  (2) breach of contract;  (3) implied contract / quantum meruit / unjust enrichment;  (4) conversion;  (5) possession of personal property;  (6) fraud;  (7) unfair and deceptive trade practices;  (8) punitive damages;  (9) battery;  (10) assault;  (11) false imprisonment;  and (12) intentional infliction of emotional distress;  (Document No. 35, pp.19-25).  On October 2, 2014, Plaintiff filed his "Answer And Affirmative Defenses To Casteen's Counterclaim" (Document No. 37).

The Court entered its "Pretrial Order And Case Management Plan" (Document No. 47) on October 23, 2014.  The Case Management Order, *inter alia*, set the following deadlines:  discovery completion – October 9, 2015;  ADR report – November 9, 2015;  dispositive motions – November 9, 2015;  and trial – March 7, 2016.  (Document No. 47).

On January 13, 2015, Plaintiff filed a "Stipulation Of Voluntary Dismissal Pursuant To F.R.C.P. 41(a)(1) As To:  (1) Tiffany Lewis;  (2) Kansas City Premier Apartments, Inc.;  (3) Jason Stahl;  (4) Maria Bogdanova Peifer;  (5) Marilyn Meeker Bernstein;  and (6) John and Jane Does 1-10." (Document No. 53).  As such, it appears that Brenda Casteen ("Defendant" or "Casteen") is the only remaining defendant in this action.

On February 26, 2015, the Court allowed "Mark W. Ishman's Renewed Motion For Permission To Withdrawal As Counsel For Plaintiff" (Document No. 54).  (Document No. 55). Plaintiff was advised that "he must abide by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the 'Pretrial Order And Case Management Plan' (Document No. 47)."  Id.

Defendant Brenda Casteen's "Motion To Compel" (Document No. 63) was filed on August 11, 2015.  The pending motion requests that the Court compel Plaintiff:  (1) "to provide further suitable contact information for service of documents and correspondence;"  (2) answer and provide responses to Defendant's First Set of Interrogatories, Requests for Production of

2

Documents and Requests for Admission within thirty (30) days of service thereof;" and (3) "award Defendant Casteen the reasonable expenses and attorney's fees incurred." (Document No. 63). Plaintiff has failed to file a response, and the time to do so has lapsed.

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). **A party's failure to respond to discovery requests may result in sanctions, including reasonable expenses caused by the failure, and/or dismissal of the action in whole or in part**. See Fed.R.Civ.P. 37(b)(2)(a) and (d).

**DISCUSSION**

By the pending motion, Defendant Casteen asserts that she has attempted by certified mail to serve discovery requests on Plaintiff at the address currently listed on the docket and provided by Plaintiff's former counsel, but such attempt has been returned as "not deliverable" and "unable to forward." (Document No. 63, p.2); see also (Document No. 54). Defendant further notes that discovery, mediation, and motions deadlines are rapidly approaching. Id. Defendant contends she cannot adequately prepare for these imminent deadlines if Plaintiff cannot or will not accept service of correspondence at the address he provided the Court. As noted above, Plaintiff has failed to file any response to the pending motion.

Based on the foregoing, the undersigned finds good cause to grant the requested relief, except Defendant will be required to file a separate motion for the requested costs and attorney's fees. Plaintiff is directed to promptly respond to the pending discovery requests and this Court's Order.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Defendant Brenda Casteen's "Motion To Compel" (Document No. 63) is **GRANTED in part, and DENIED WITHOUT PREJUDICE, in part**, as follows: Plaintiff shall confirm current contact information suitable for service of documents and correspondence, by filing an appropriate Notice with the Court, on or before **October 2, 2015**; Plaintiff shall fully respond to Defendant's discovery requests (Document No. 63-2) on or before **October 9, 2015**; and Defendant may file a renewed motion for reasonable expenses and attorney's fees, including a detailed description of those expenses and fees related to Document No. 63, on or after **October 13, 2015**.

**IT IS FURTHER ORDERED** that the parties shall file a Notice with the Court, jointly if possible, on or before **October 9, 2015**, identifying the parties' chosen mediator and mediation date.

<u>The Clerk of Court is directed to send a copy of this Order, along with Document No. 63 and its attachments, to Plaintiff by certified U.S. Mail, return receipt requested</u>.

**SO ORDERED.**

Signed: September 21, 2015

David C. Keesler
United States Magistrate Judge