IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-00085-RLV-DCK

| | |
|---|---|
| JAMES LEE PARLIER, JR., AN INDIVIDUAL (D/B/A JIMMY PARLIER HORSE TRANSPORT, PARLIER FARMS, AND PARLIER EQUINE TRANSPORT & CARRIAGES), <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> BRENDA CASTEEN, ET AL., <br><br> Defendant and Counter-Plaintiff. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant and Counter-Plaintiff Brenda Casteen's original and renewed Motions to Dismiss and for Contempt, Sanctions, and Attorney's Fees (collectively, the "Motion"). [Doc. No. 66]; [Doc. No. 71]. For the reasons that follow, the Court **GRANTS** the Motion.

### I. BACKGROUND

Plaintiff James Lee Parlier, Jr. (the "Plaintiff") filed a "Verified Complaint" initiating this action on May 29, 2014. [Doc. No. 2]. The complaint asserts state law causes of action for: (1) tortious interference with contract; (2) defamation *per se*; (3) defamation *per quod*; and (4) a violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat § 75-1, *et seq*. *Id.* Defendant and Counter-Plaintiff Brenda Casteen (hereinafter referred to simply as the "Defendant") filed an answer and counterclaim on August 11, 2014. [Doc. No. 19]. Defendant later filed an amended counterclaim on September 19, 2014. [Doc. No. 44]. Defendant asserts state law counterclaims for: (1) claim and delivery; (2) breach of contract; (3) implied contract/quantum

-1-

meruit/unjust enrichment; (4) conversion; (5) possession of personal property; (6) fraud; (7) unfair and deceptive trade practices; (8) punitive damages; (9) battery; (10) assault; (11) false imprisonment; and (12) intentional infliction of emotional distress. [Doc. No. 44]. On October 2, 2014, Plaintiff filed his answer to the Defendant's amended counterclaim. [Doc. No. 46].

The Court entered its "Pretrial Order and Case Management Plan" (the "Pretrial Order") on October 23, 2014. [Doc. No. 47]. The Pretrial Order, *inter alia*, set the following deadlines: discovery completion – October 9, 2015; alternative dispute resolution report – November 9, 2015; dispositive motions – November 9, 2015; and trial – March 7, 2016. *Id.* Originally this action included several defendants; however, by way of a stipulation of voluntary dismissal filed on January 13, 2015, the Plaintiff trimmed the defendants down to just Defendant Casteen. *See* [Doc. No. 53].

On February 26, 2015, Plaintiff's counsel of record was permitted to withdraw his representation. [Doc. No. 54]; [Doc. No. 55]. Plaintiff was advised by the Court that, even as a *pro se* party, he must still abide by the Federal Rules of Civil Procedure, the Court's local rules, and the Court's Pretrial Order. *See* [Doc. No. 55]. On August 11, 2015, Defendant filed a motion to compel against Plaintiff. [Doc. No. 63]. In her motion, the Defendant requested that the Court compel Plaintiff: (1) to provide further suitable contact information for service of documents and correspondence; (2) answer and provide responses to Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission within thirty (30) days of service thereof; and (3) award Defendant Casteen the reasonable expenses and attorney's fees incurred. *See id.* Plaintiff failed to file a response to the motion.

On September 21, 2015, the Court entered an order granting the Defendant's motion to compel, except the Court did not award Defendant her reasonable attorney's fees or otherwise

sanction the Plaintiff. *See* [Doc. No. 64]. The Court directed the Plaintiff to provide the Defendant and the Court with a suitable address for service and to respond to Defendant's discovery requests by a date certain. *Id.* The Court also granted Defendant leave to refile her request for sanctions. *Id.*

Plaintiff failed to abide by this Court's September 21, 2015 order. On October 14, 2015, Defendant renewed her request for attorney's fees and costs, and sought additional relief as follows: (1) an order dismissing the Plaintiff's complaint *with prejudice*; (2) an order striking the Plaintiff's answer to the Defendant's counterclaim; (3) an order entering default judgment against the Plaintiff on the Defendant's counterclaim; (4) an order scheduling a hearing to determine Defendant's damages; and (5) an order directing that the costs and attorney's fees arising out of Defendant's various motions be taxed against the Plaintiff. *See* [Doc. No. 66]. Defendant's Motion was brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiff filed no response to the Defendant's Motion within the prescribed time. On October 26, 2015, the Court, *sua sponte*, granted Plaintiff leave to file a response to the Defendant's Motion within fourteen (14) days. [Doc. No. 67]. Again, Plaintiff failed to file a response. On February 22, 2016, Defendant renewed her request. *See* [Doc. No. 71].

**II.    DISCUSSION**

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> . . .
> (iii)    striking pleadings in whole or in part;
> . . .
> (v)    dismissing the action or proceeding in whole or in part; [or]
>
> (vi)    rendering a default judgment against the disobedient party[.]

Fed. R. Civ. Pro. 37(b)(2)(A). Rule 37 also provides that "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b)(2)(C).

The Court has broad discretion to impose sanctions on a party who fails to comply with its discovery orders. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). When the sanction is dismissal, however, the Fourth Circuit applies the following four-part test to balance the severity of that sanction against the seriousness of the non-complying party's misconduct: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424-25 (M.D.N.C. 1998) (applying the four-part *Mutual Federal* test and finding dismissal appropriate when a plaintiff fails to comply with court-ordered discovery and offers no explanation for this failure, deprives the defendant of discoverable information, and was previously sanctioned for similar conduct).

Here, the Court finds that the four-factored test announced in *Mutual Federal* is satisfied and dismissal of the Plaintiff's complaint is warranted. First, the Plaintiff was on notice that, when his counsel withdrew, he was bound to comply with the rules governing litigation in this Court, including the Court's Pretrial Order and all other relevant orders, despite being a *pro se* party. *See* [Doc. No. 55]. Following the withdrawal of his counsel, Defendant served discovery on Plaintiff that went unanswered. Defendant was required to file a motion to compel and the Court entered an order granting the Defendant's request. In its order, the Court clearly directed

the Plaintiff to provide the Defendant and the Court with an appropriate address if he intended to continue this litigation. *See* [Doc. No. 64]. The Court also ordered the Plaintiff to comply with his discovery obligations. *Id.* Plaintiff failed to do so; indeed, the Court has heard nothing from the Plaintiff since Defendant's original motion to compel was filed in August 2015. After the Defendant filed her October 14, 2015 motion for sanctions and dismissal, Plaintiff failed to timely respond. On October 26, 2015, the Court granted Plaintiff additional time to respond to the Defendant's sanctions request; yet the Plaintiff never filed a response. It is clear to the Court that the Plaintiff neither intends to continue prosecuting this action nor to comply with the Court's rules or directives. The Court finds that the Plaintiff has acted in bad faith, and such a finding weighs in favor of dismissal. *See, e.g., Water Out Drying Corp. v. Allen*, 2007 U.S. Dist. LEXIS 102869, 2007 WL 2746889, at *1 (W.D.N.C. 2007) (failing to provide answers to discovery requests despite a clear court order constitutes "bad faith")*; Green*, 188 F.R.D. at 424 ("Noncompliance with discovery orders can serve as a basis for bad faith.").

Second, Plaintiff has deprived the Defendant of her ability to not only defend against his claims against her, but his noncompliance has deprived her of her ability to adequately prosecute her counterclaims against him. Defendant has been impeded from obtaining any meaningful discovery relating to the Plaintiff's claims against her or her claims against him because of the Plaintiff's failure to provide a satisfactory address for service, and because of his total abandonment of this litigation. *See Lynch v. Novant Medical Group, Inc.*, 2009 U.S. Dist. LEXIS 81478, 2009 WL 2915039, at *7 (W.D.N.C. 2009) (finding the inability to obtain complete discovery responses prejudicial). Defendant is faced with moving forward in this case without the benefit of knowing what, if any, facts she will have to defend against. Further, because this matter is scheduled for trial at the beginning of next month, Plaintiff's excessive delays and

multiple failures to respond have deprived Defendant of the ability to present her claims to a jury. Additionally, Plaintiff's course of conduct has wasted the Defendant's (and the Court's) time and resources. Defendant has prepared and filed a motion to compel and two motions for sanctions. This Court has considered and entered an order on the motion to compel, granted Plaintiff leave to provide a late response to the request for sanctions, and now considers and enters this order on the Defendant's Motion. Because the Plaintiff's unresponsiveness has deprived the Defendant of the ability to defend against the complaint, substantially prejudiced Defendant's claims against Plaintiff, and deprived Defendant and the Court of precious time and resources, the Court finds that the second *Mutual Federal* factor weighs in favor of dismissal.

Third, the Court must also take action to deter similar conduct from other plaintiffs. As stated by Fourth Circuit, "not only does the noncomplying party jeopardize his or her adversary's case by such indifference [to the Court's orders], but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)). By neither complying with the September 2015 order nor the rules governing litigation before this Court, Plaintiff has "undermine[d] this Court ['s] ability to manage this case effectively." *Ellis v. Wal-Mart Distributions*, 2011 U.S. Dist. LEXIS 97275, 2011 WL 3804233, at *2 (W.D.N.C. 2011). Thus, because Plaintiff's noncompliance undermines effective case management and challenges this Court's power to control the progress of this case, it is conduct that must be deterred, and this again weighs in favor of dismissal.

Finally, it appears to the Court that no sanction (short of dismissal) will be effective in this case. The Court's September 2015 order on the motion to compel, which spared Plaintiff

from the Defendant's request for attorney's fees and costs, was insufficient to persuade the Plaintiff to comply with his obligations. Plaintiff has been afforded ample opportunity correct his indifference to the Court's authority and this litigation. He has ignored those opportunities. Because trial is currently scheduled to proceed in this matter in short order, no alternative sanction or less drastic measure would be effective to deter Plaintiff's contempt for the Court's authority and the Defendant's rights. For these reasons, the Court finds it appropriate to **DISMISS** the Plaintiff's complaint, *with prejudice*. For the same reasons, the Court is left with no choice but to **STRIKE** the Plaintiff's answer to the Defendant's counterclaim, and order that the Plaintiff be placed in default.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) The Defendant's Motion is **GRANTED-IN-PART AND DEFERRED-IN-PART** (Doc. No. 66), (Doc. No. 71);

(2) The Defendant's Motion is **GRANTED** as follows:

  a. The Plaintiff's complaint (Doc. No. 2) is **DISMISSED WITH PREJUDICE**;

  b. The Plaintiff's answer (Doc. No. 46) to the Defendant's amended counterclaim (Doc. No. 44) is **HEREBY STRICKEN**;

  c. The Clerk shall enter the Plaintiff into default as to the Defendant's amended counterclaim (Doc. No. 44);

(3) The Defendant's Motion is **DEFERRED** as follows:

  a. The Defendant's request for default judgment, attorney's fees, and costs are **HEREBY DEFERRED** until the Court holds a hearing on the Defendant's alleged damages, fees, and costs;

  b. The Court shall hold a hearing on the Defendant's request for default judgment on **APRIL 7, 2016** at 10**:00 a.m.** at the Statesville Courthouse, 200 West Broad Street, Statesville, North Carolina 28677;

(4) The trial of this matter, currently scheduled for the Court's March Term, and scheduled to commence on March 7, 2016, is **HEREBY CONTINUED** until further decision of the Court.

  **SO ORDERED**.

Signed: February 25, 2016

*[Signature]*

Richard L. Voorhees
United States District Judge